[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10402
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20300-UU-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CESAR ALBERTO ROMERO CUZA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 9, 2019)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Cesar Romero Cuza appeals his 92-month sentence for conspiracy to

commit health care fraud and wire fraud.  At sentencing, the district court imposed

a variance of 35 months above the United States Sentencing Guidelines range. Romero Cuza argues his sentence is procedurally and substantively unreasonable. After careful review, we affirm.

**I.**

In November 2018, Romero Cuza pled guilty to one count of conspiracy to commit health care fraud and wire fraud. As part of his plea, Romero Cuza admitted in writing that the government could prove he operated a fraudulent health clinic called Trusted Health Care from 2014 to 2015. Trusted Health Care billed patients' insurance for medical services it never provided. All told, Trusted Health Care falsely billed over $5 million in services and received over $1 million in reimbursements.

In preparation for Romero Cuza's sentence hearing, the Probation Office compiled a presentence investigation report ("PSR"). The PSR detailed Romero Cuza's previous convictions. First, the PSR described Romero Cuza's 2007 conviction for health care fraud. In this earlier case, Romero Cuza set up a sham clinic to bill Medicare over $16 million for purported HIV/AIDS treatment and chemotherapy services. Romero Cuza used a retired physician's Medicare identification information to pull off the scheme. Romero Cuza pled guilty to this offense and received a sentence of 46 months, followed by 3 years of supervised release. The PSR also listed Romero Cuza's 2008 conviction for battery, for which

2

he received a sentence of time served.  Overall, the PSR assigned Romero Cuza a criminal history category of level III.

Based on Romero Cuza's criminal history and other factors, the PSR determined his total offense level under the Guidelines was 22.  This resulted in a guideline range of 51 to 63 months in prison, with a statutory maximum sentence of 20 years.

At sentencing, the district court heard arguments from Romero Cuza's counsel and the government.  Defense counsel argued Cuza's 2008 conviction for battery was too minor to factor into his criminal history.  Counsel asked the district court to reduce Romero Cuza's criminal history category from category III to category II.  The district court agreed, reducing Romero Cuza's recommended guideline range to 46 to 57 months.

Throughout the sentence hearing, the district court expressed concern about Romero Cuza's repeated fraud.  The district court described the Romero Cuza's previous Medicare fraud as "brazen," "outrageous," and "exploit[ative]."  The district court noted Romero Cuza had joined the Trusted Health Care conspiracy only two months after he finished serving probation for his previous fraud.  The judge remarked that Romero Cuza had caused multimillion-dollar financial losses to insurance providers.  And the court mentioned Romero Cuza had been dishonest

to authorities before choosing to cooperate.  Overall, the district court believed Romero Cuza "didn't get the message" from his previous conviction and sentence.

The district court imposed a sentence of 92 months, an upward variance of 35 months from the top of his guideline range.  Romero Cuza timely filed this appeal.

## II.

This Court reviews the reasonableness of a sentence for abuse of discretion, affording the district court's decision "due deference."  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  We ask first whether the district court committed procedural error, then whether the sentence imposed is substantively reasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  The defendant bears the burden of showing his sentence is unreasonable in light of the record and the sentencing factors laid out in 18 U.S.C. § 3553(a).  Id.

## III.

### A.

Romero Cuza argues the district court committed procedural error because it did not adequately explain his sentence.  Romero Cuza says the district court improperly relied on his prior conviction for health care fraud "as the sole reason" for its 35-month upward variance.  We cannot agree.

4

A district court errs procedurally when it miscalculates the applicable guideline range or "fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." See Gall, 552 U.S. at 51, 128 S. Ct. at 597. But "[i]n general, the district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of [these] factors." United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009) (quotation marks omitted). It is enough for the district court to "consider[] the defendant's arguments at sentencing and state[] that it has taken the § 3553(a) factors into account." Id.

Reviewing the record, we conclude Romero Cuza's sentence is procedurally reasonable. To begin, the district court correctly calculated Romero Cuza's sentencing guideline range, which Romero Cuza does not dispute. The district court also considered both parties' sentencing arguments. See Rita v. United States, 551 U.S. 338, 358, 127 S. Ct. 2456, 2469 (2007).

The district court then sufficiently explained Romero Cuza's sentence, including the upward variance. The district court observed that Romero Cuza had caused great financial harm, and that he conspired to commit health care fraud again quickly after serving time for the first fraud. The district court also mentioned that Romero Cuza had not been truthful with government investigators before coming clean. See United States v. Cubero, 754 F.3d 888, 897–98 (11th

5

Cir. 2014) (holding a sentence was procedurally reasonable where the district court explained the sentence with reference to the facts of the crime).

Finally, the district court stated it had "considered the statements of the parties, the presentence report containing the guidelines, and the statutory factors" in 18 U.S.C. § 3553(a). Deeming Romero Cuza's health care fraud "callous," "cynical," and part of a pattern in Romero Cuza's "life in the last several years," the district court determined Romero Cuza would "get the idea" from a lengthier sentence than the Guidelines recommended. Because the district court explained its reasons for the sentence it imposed, Romero Cuza cannot show his sentence is procedurally unreasonable. See Sanchez, 586 F.3d at 936 (concluding an upward variance was procedurally reasonable where the sentencing court expressly considered the defendant's "criminal history and the § 3553(a) factors").

## B.

Romero Cuza next argues the district court imposed a substantively unreasonable sentence. Romero Cuza submits that the district court abused its discretion by improperly weighing the sentencing factors listed in 18 U.S.C. § 3553. Specifically, Romero Cuza says the district court overemphasized his

6

criminal history and ignored other § 3553(a) sentencing factors when it imposed an upward variance from the guideline range.[1]

We review the substantive reasonableness of a sentence by considering "the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51, 128 S. Ct. at 597. A sentence may be substantively unreasonable "if it is grounded solely on one factor, relies on impermissible factors, or ignores relevant factors." United States v. Pugh, 515 F.3d 1179, 1194 (11th Cir. 2008).

Romero Cuza cites Pugh to argue the district court placed undue weight on his criminal history and ignored other sentencing factors. In Pugh, we concluded a sentence 97 months below the guideline range for possession of child pornography was substantively unreasonable. Id. at 1203. The sentencing court in Pugh overemphasized the defendant's lack of criminal history and did not consider other

---

[1] Romero Cuza, who is a citizen of Cuba, also points to "mocking" comments the district court made at sentencing. The district court stated, "It's too bad that Mr. Romero Cuza can . . . go to prison in the United States, and repeatedly commit Medicare fraud in the United States and still need the assistance of the [Spanish language] interpreter." Romero Cuza's counsel did not object to this statement, so we review it for plain error. See United States v. Rodriguez, 627 F.3d 1372, 1377 (11th Cir. 2010).

A defendant's national origin is never a proper sentencing consideration. See USSG § 5H1.10; United States v. Wenxia Man, 891 F.3d 1253, 1275 (11th Cir. 2018) (observing that a sentence based on the defendant's national origin is substantively unreasonable). Such comments could create the "appearance of bias." See Rodriguez, 627 F.3d at 1381 (assuming apparent bias from the sentencing court's comment on the defendant's immigrant status). We cannot say the district court committed plain error here. Unlike in Rodriguez, the district court mentioned Romero Cuza's nationality at the very start of the sentence hearing, and otherwise explained its sentencing decision thoroughly. See id. at 1376 (noting the district court referred to the defendant's immigrant status to justify the sentence).

required factors, such as adequate deterrence, just punishment, and the seriousness of the crime.  See id. at 1194–1199 (citing 18 U.S.C. § 3553(a)(2)(A)–(C)).

By contrast, the district court considered all these factors when sentencing Romero Cuza.  The district court found that Romero Cuza's current fraud scheme caused serious financial harm, warranting an upward variance in order to punish his conduct.  And the district court decided that Romero Cuza was not adequately deterred from fraud by his previous 46-month sentence.  To be sure, the district court certainly considered Romero Cuza's previous health care fraud conviction, as it was bound to do.  See 18 U.S.C. § 3553(a)(1) (requiring a sentencing court to consider "the history and characteristics of the defendant").  But the district court did not ignore other sentencing factors.  Cf. United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015) ("[T]he sentencing court is permitted to attach great weight to one factor over others." (quotation marks omitted)).  By so reasoning, the district court did not abuse its discretion.

**AFFIRMED.**